| | |
|---|---|
| JASON GERAY,<br><br>                Plaintiff,<br><br>    v.<br><br>BRIAN CATES, et al.,<br><br>                Defendants. | Case No. 1:21-cv-00593-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S REQUEST FOR EMERGENCY PRELIMINARY INJUNCTION[1]<br><br>(Doc. No. 1)<br><br>THIRTY DAY OBJECTION PERIOD<br><br>ORDER TO ASSIGN DISTRICT JUDGE TO THIS ACTION |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Before the court is plaintiff's emergency request for preliminary injunction incorporated within "1983 Complaint" filed on April 8, 2021. (Doc. No. 1). Plaintiff seeks a preliminary injunction prohibiting correctional officials from destroying or "confiscating" copies of his magazine titled "Show-Black Lingerie." (*Id*. at 3-4). For the reasons stated below, the undersigned recommends plaintiff's request for an emergency preliminary injunction be denied.

**I. BACKGROUND & FACTS**

Plaintiff Jason Geray ("plaintiff"), a state prisoner, initiated this action on April 8, 2021 by filing a *pro se*, 42 U.S.C. § 1983 complaint against the warden and a correctional officer

---

[1] The undersigned submits these factual findings and recommendations to the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

("defendants") at California Correctional Institution ("CCI") located in Tehachapi, California. (Doc. No. 1). In the same filing plaintiff made an "emergency request for preliminary injunction." (*Id.*). Plaintiff alleges that on March 25, 2021, he received notice from CCI that the magazine he ordered, "Show-Black Lingerie," would not be delivered and would be destroyed in 30 days. (*Id.* at 3). Attached to the complaint is CCI's notice stating the magazine was disapproved under CCR, Title 15 § 3006(c)(17).[2] (*Id.* at 6). Plaintiff acknowledges he filed a grievance but seeks an injunction preventing defendants from destroying the magazine because officials will destroy the magazine before he can exhaust the grievance process. (*Id.* at 3).

## II. APPLICABLE LAW

Federal Rule of Civil Procedure 65 governs preliminary injunctions and limits their issuance to where "notice to the adverse party" has been given. Fed. R. Civ. P. 65(a). Local Rule 231(d) also mandates notice and requires that all preliminary injunction motions include (1) briefing on all legal issues implicated by the motion, (2) affidavits supporting the motion, including affidavits addressing irreparable harm, and (3) a proposed order which includes a provision for a bond.

A preliminary injunction is "an extraordinary remedy" and may be issued only if plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his/her favor; (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Plaintiff bears the burden of clearly satisfying all four prongs. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). A preliminary injunction will not issue if plaintiff merely shows irreparable harm is possible – a showing of likelihood is required. *Id.* at 1131.

The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants seeking preliminary injunctive relief against prison officials. In such cases,

---

[2] Section 3006(c)(17), title 15, California Code of Regulations prohibits inmates from possessing non-obscene, "sexually explicit material," defined in pertinent part to depict "the frontal nudity the frontal nudity of either gender, including the fully exposed female breast(s) and/or the genitalia of either gender." 15 C.C.R. § 3006(c)(17)(A).

"[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *Villery v. California Dep't of Corr.*, 2016 WL 70326, at *3 (E.D. Cal. Jan. 6, 2016). As the Ninth Circuit has observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of the State of California*, 220 F.3d 987, 998-99 (9th Cir. 2000). The court's jurisdiction is "limited to the parties in this action" and the pendency of an action "does not give the Court jurisdiction over prison officials in general or over the conditions of an inmate's confinement unrelated to the claims before it." *Beaton v. Miller*, 2020 WL 5847014, at *1 (E.D. Cal. Oct. 1, 2020).

Finally, state governments have "traditionally been granted the widest latitude in the dispatch of [their] own internal affairs." *Rizzo v. Goode*, 423, U.S. 362, 378 (1976) (citations omitted). This deference applies even more strongly when the court is asked to involve itself in the administrative decisions of a prison. *See Turner v. Safely*, 482 U.S. 78, 85 (1987); *Sandin v. Conner*, 515 U.S. 472, 482-83 (1995).

**III. DISCUSSION**

Having reviewed plaintiff's pleading, the court does not find that plaintiff has satisfied his burden to justify issuing a preliminary injunction. As a threshold matter, plaintiff has not complied Local Rule 231(d). He has failed to show actual or attempted notice, and other than requesting the relief, he fails to provide any briefing on the implicated legal issues, or provide any affidavits attesting to imminent irreparable harm, or include a proposed order that includes a provision for bond.

The motion also fails because plaintiff has not shown he will likely prevail on the underlying action. While exhaustion of grievances is an affirmative defense and plaintiff is not required to plead exhaustion, plaintiff admits on the face of his complaint that he failed to exhaust his claim before initiating this action. Thus, the complaint is likely to be dismissed without

3

| | |
|---|---|
| 1 | prejudice under 42 U.S.C. § 1997e(a) in order that plaintiff first comply with this mandatory |
| 2 | requirement. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). |
| 3 | Alternatively, although the complaint fails to identify which of plaintiff's constitutional |
| 4 | rights were violated, liberally construed, it appears plaintiff is advancing a First Amendment free |
| 5 | speech right. While regulations limiting prisoners' access to publications or other information are |
| 6 | valid only if they are reasonably related to legitimate penological interests, *Thornburgh v.* |
| 7 | *Abbott,* 490 U.S. 401, 413 (citing *Turner v. Safley,* 482 U.S. 78, 89–90 (1987)), the Ninth Circuit |
| 8 | has determined a similar county policy prohibiting prisoners in Arizona from possessing |
| 9 | "materials that show frontal nudity" did not violate the prisoner's first amendment rights. *Mauro* |
| 10 | *v. Arpaio*, 188 F. 3d 1054, 1058 (9th Cir. 1999) (en banc). *See also*, *Nelson v. Woodford,* 249 |
| 11 | Fed. Appx. 529 (9th Cir. 2007) (affirming district court's grant of summary judgment to |
| 12 | defendants, in a challenge to the constitutionality of Sections 3006(c)(15) and (17), title 15, |
| 13 | California Code of Regulations where plaintiff challenged officials refusal to provide him access |
| 14 | to issues of "Esquire" magazine that contained depictions of frontal nudity, finding "[t]he district |
| 15 | court properly concluded that the regulations prohibiting Nelson's possession of obscene or |
| 16 | sexually explicit material, 15 Cal. Code Reg. §§ 3006(c)(15) & (17), respectively, are |
| 17 | constitutional because the regulations' underlying policies are reasonably related to legitimate |
| 18 | penological interests." *Id.,* at *1); *Jost v. Lockyer,* 127 Fed. Appx. 358 (9th Cir. 2005) (upholding |
| 19 | dismissal upon screening under 28 U.S.C. § 1915A prisoner's First Amendment challenge to the |
| 20 | withholding of a book containing full frontal nudity); *Munro v. Tristan,* 116 Fed. Appx. 820, 821 |
| 21 | (9th Cir. 2004) (upholding dismissal upon screening under 28 U.S.C. § 1915A prisoner's First |
| 22 | Amendment challenge to the withholding of "sexually explicit materials containing |
| 23 | frontal nudity"). Thus, even assuming plaintiff can pass the exhaustion hurdle, he does not |
| 24 | demonstrate a likelihood of prevailing on the merits based on Ninth Circuit precedent. |
| 25 | Moreover, the other *Winter* factors weigh against plaintiff. Plaintiff has made no showing |
| 26 | he would suffer irreparable harm because the magazine can presumably be re-ordered should |
| 27 | plaintiff ultimately prevail. Plaintiff also wholly fails to address whether the balance of equities |
| 28 | and the public interest favor granting injunctive relief. Thus, the court concludes this not an |

extraordinary circumstance warranting the issuance of a preliminary injunction.

Accordingly, it is **ORDERED**:

The Clerk of Court is directed to assign a District Judge to this matter.

It is further **RECOMMENDED**:

Plaintiff's emergency request for a preliminary injunction incorporated within his complaint (Doc. No. 1) be **DENIED**.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: April 30, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE