UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON GERAY,<br><br>           Plaintiff,<br><br>    v.<br><br>BRIAN CATES, K. NOUWEIS,<br><br>           Defendants. | Case No. 1:21-cv-00593-AWI-HBK<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br><br>(Doc. No. 14) |

      Plaintiff Jason Geray is a current state pre-trial detainee proceeding *pro se* and *in forma pauperis* on his complaint filed under 42 U.S.C. § 1983. (Doc. Nos. 1, 10). Pending before the Court is Plaintiff's motion to appoint counsel. (Doc. No. 14).

      Plaintiff seeks appointment of counsel for a number of reasons, including, but not limited to: (1) he does not have access to a "physical law library" and does not have the court rules (2) he does not have access to office supplies and equipment such as a "writing pen," a copying machine, and numbered paper; (3) and he cannot prepare his case because he does not have access to a magazine that was allegedly confiscated and is the subject of his complaint.

      The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases). This Court has discretionary authority

1    under 28 U.S.C. § 1915 to appoint counsel for an indigent to commence, prosecute, or defend a
2    civil action.  *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for
3    people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir.
4    1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other
5    citations omitted).  However, motions to appoint counsel in civil cases are granted only in
6    "exceptional circumstances."  *Id.* at 1181.  The Court may consider many factors to determine if
7    exceptional circumstances warrant appointment of counsel including, but not limited to, proof of
8    indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his
9    or her claims *pro se* in light of the complexity of the legal issues involved.  *Id.*; *see also Rand v.*
10   *Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en*
11   *banc*, 154 F.2d 952 (9th Cir. 1998).  The Court "is not required to articulate reasons for denying
12   appointment of counsel if the reasons are clear from the record."  *Johnson v. United States Dept.*
13   *of Treasury*, 939 F.2d 820, 824 (9th Cir.1991).

14       Plaintiff has failed to demonstrate that exceptional circumstances warrant appointment of
15   counsel.  Plaintiff's indigence does not qualify "as an exceptional circumstance in a prisoner civil
16   rights case."  *Montano v. Solomon*, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010); *Callender*
17   *v. Ramm*, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018).  Although Plaintiff is proceeding
18   *pro se* and in prison, he faces the same obstacles all *pro se* prisoners face.  Challenges prosecuting
19   a case, such as law library access, "are ordinary for prisoners pursuing civil rights claim" and
20   cannot form the basis for appointment of counsel.  *Courtney v. Kandel*, 2020 WL 1432991, at *1
21   (E.D. Cal. Mar. 24, 2020).  If Plaintiff's imprisonment was an exceptional circumstance, then
22   nearly every prisoner would be entitled to counsel.  Instead, "[p]risoners have a right to
23   meaningful access to the courts, but there is no absolute right to use a prison law library."
24   *Springfield v. Khalit*, 2018 WL 5980155, at *3 (E.D. Cal. Nov. 14, 2018) (citing *Lewis v. Casey*,
25   518 U.S. 343, 346 (1996)).  And while Plaintiff complains that he does not have access to a pen,
26   he was ale to write the instant motion and his civil rights complaint with a writing instrument.
27   Further, his concerns that he does not possess line paper are also without merit.  Plaintiff does not
28   need preprinted lined paper.  Instead, he may simply created lined paper by placing the

appropriate numbers sequentially down the left-side of a blank piece of paper.  Finally, this case is in the early stages of the proceedings and remains subject to screening.   Should this case progress and Plaintiff's circumstances change so that he is able to demonstrate exceptional circumstances, he may renew his motion for appointment of counsel at that time.

Accordingly, it is **ORDERED**:

Plaintiff's motion to appoint counsel (Doc. No. 14) is DENIED without prejudice.

Dated:   April 6, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3