UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON GERAY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BRIAN CATES and K. NOUWEIS,<br><br>　　　　Defendants. | Case No. 1:21-cv-00593-JLT-HBK (PC)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS ACTION FOR FAILURE TO OBEY COURT ORDER AND PROSECUTE[1]<br><br>14-DAY DEADLINE |

Plaintiff Jason Geray is a former state prisoner proceeding pro se in this civil rights action. For the reasons set forth below, the undersigned recommends the District Court dismiss this action for Plaintiff's failure to comply with court orders and prosecute this action.

**BACKGROUND**

On August 1, 2023, the Court screened Plaintiff's Complaint and found that Plaintiff's failure to exhaust his administrative remedies was apparent on the face of the Complaint and directed Plaintiff to show cause by September 1, 2023 why the Complaint should not be dismissed on that basis. (Doc. No. 23 at 4-5, 8 ¶ 1). The Court further found that Plaintiff's Complaint alleging First Amendment violations stemming from correctional officials' rejection of

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

a publication on the grounds it contained sexually explicit materials failed to state any cognizable federal claim. (*See generally* id.). The Court afforded Plaintiff three options: (1) file an amended complaint; (2) file a notice that he intends to stand on his initial complaint subject to the undersigned recommending the district court dismiss for reasons stated in the August 1, 2023 Screening Order; or (3) file a notice to voluntarily dismiss this action, without prejudice, under Federal Rule of Civil Procedure 41(a)(1) because no defendant had yet been served. (*Id*. at 7-8). The Court expressly warned Plaintiff that if he "fails to timely respond to this Court Order or seek an extension of time to comply" the undersigned "will recommend that the district court dismiss this case as a sanction for Plaintiff's failure to comply with a court order and prosecute this action." (*Id*. at 8, ¶ 3). The Court granted Plaintiff an extension until October 2, 2023 to respond to the August 1, 2023 Screening Order. (Doc. No. 26). To date, Plaintiff has not filed any response to the Court's August 1, 2023 Screening Order and the time to do so has expired. (*See* docket).

Additionally, on May 4, 2021, the Court granted Plaintiff's Motion to Proceed *in forma pauperis* under 28 U.S.C. § 1915. (*See* Doc. No. 10). At the time Plaintiff was granted IFP status he was incarcerated at California Correctional Institution in Tehachapi, California. (Doc. No. 5). On May 8, 2023, Plaintiff filed a change of address indicating that he had been released from custody, which the Court independently confirmed through CDCR's Inmate Locator. (*See* Doc. No. 21). On August 29, 2023, the Court issued an order directing Plaintiff to either pay the remaining filing fee of $350 or complete a new long form *in forma pauperis* ("IFP") application because the fee collection provision of 28 U.S.C. § 1915 was no longer enforceable against Plaintiff. (Doc. No. 27). The August 29, 2023 Order gave Plaintiff until September 29, 2023 to comply. (*Id*. at 3). As of the date of these Findings and Recommendation, Plaintiff has neither filed an updated IFP application nor paid the filing fee, and the time to do so has expired.[2] (*See* docket.)

////

---

[2] Because Plaintiff is no longer incarcerated, he is not entitled to the mailbox rule. Nonetheless, these Findings and Recommendations were issued 17 days after the deadline had passed, providing Plaintiff with enough time to mail either a renewed application to proceed *in forma pauperis* or a check for the filing fee.

# APPLICABLE LAW

## A. Failure to Prosecute

Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted). Similarly, the Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

## B. Plaintiff's Continuing Obligation to Pay the Filing Fee

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

The fee is not waived for prisoners, however. If granted leave to proceed IFP, a prisoner nevertheless remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is dismissed for other reasons. *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

To qualify for IFP status, section 1915(a)(2) requires a prisoner to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of twenty percent of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. §§ 1915(b)(1), (4). The institution having custody of the prisoner then collects subsequent payments, assessed at twenty percent of the preceding month's income, in any month in which his account exceeds ten dollars, and forwards those payments to the Court until the entire filing fee is paid. *See id*. § 1915(b)(2); *Bruce*, 577 U.S. at 84.

Plaintiff was incarcerated at Federal Correctional Institution, Mendota when he filed this action. (*See* Doc. Nos. 2, 6). However, Plaintiff's release from custody renders 28 U.S.C. § 1915(b)'s fee collection provisions unenforceable in this case. Because Plaintiff is no longer incarcerated at FCI Mendota and is no longer in the custody of any correctional institution as his Notice of Change of Address indicates, (s*ee* Doc No. 8), no inmate trust account exists from which his filing fees may be garnished and forwarded to the court. *See DeBlasio v. Gilmore*, 315 F.3d 396, 399 (4th Cir. 2010) (noting that, after a prisoner is released, there is "no 'prisoner's account' from which to deduct . . . payments"). "Section 1915(b)(2) provides no method of remitting payments other than by deduction from a prisoner's account, and thus it does not shed any light on how payments should be paid once that prisoner is released." *Id*.

The Ninth Circuit has yet to decide how a released prisoner who is obligated to "pay the full amount of a filing fee" under 28 U.S.C. § 1915(b)(1) may proceed IFP after he has been

4

released—i.e., whether he must prepay the entire civil filing fee at once, whether he may proceed pursuant to some other partial fee and/or court-ordered installment payment plan, or whether his obligation to pay the fee is waived altogether or in part by virtue of his release. *See Putzer v. Attal*, 2013 WL 4519351, at *1 (D. Nev. Aug. 23, 2013) (noting the "unresolved issue within the Ninth Circuit regarding the application of the Prison Litigation Reform Act (PLRA) pauper application requirements in cases where the prisoner is released pendente lite, i.e., during the litigation"); *see also Turner v. San Diego Cnty.*, 2014 WL 5800595, at *2–3 (S.D. Cal. Nov. 7, 2014) (noting absence of Ninth Circuit authority addressing this issue); *Patten v. Walker*, 2015 WL 3623687, at *5 (E.D. Cal. June 9, 2015) (same).

However, other circuits and district courts in California have found the statutory language of § 1915(b)(1) requires released prisoners to pay the amounts still due after their release if they wish to continue to prosecute their action. *Gay v. Tex. Dep't of Corr.*, 117 F.3d 240, 241–42 (5th Cir. 1997); *In re Smith*, 114 F.3d 1247, 1251–52 (D.C. Cir. 1997); *Robbins v. Switzer*, 104 F.3d 895, 897–99 (7th Cir. 1997); *Townsend v. Rendon*, 2022 WL 1462181, at *2 (E.D. Cal. April 1, 2022) (directing released inmate to "either pay the filing fee in full or submit a complete[d] application to proceed in forma pauperis by a non-prisoner"); *Makoni v. Downs*, 2016 WL 7210403, at *4 (S.D. Cal. Dec. 13, 2016) (denying released prisoner's initial IFP motion and requiring supplemental post-release IFP motion); *Flynn v. Canlas*, 2015 WL 8492503, at *4 (S.D. Cal. Dec. 10, 2015) (same); *Adler v. Gonzalez*, 2015 WL 4041772, at *2 (E.D. Cal. July 1, 2015) (requiring "updated IFP application" of released prisoner because court "ha[d] before it no evidence that Plaintiff [remained] a pauper," and the "[c]ircumstances that undoubtedly contributed to his impoverishment, i.e., imprisonment, no longer exist"); *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (remanding fee payments to district court in order to "review [plaintiff's] present economic situation and fit a fee to the economic facts if [he was] still interested in pursuing his claim").

The Court advised Plaintiff that for this case to proceed further, he must pay $350.00 (the total amount that remains due toward the $350.00 filing fee) in one lump sum no later than August 17, 2023. (*See* Doc. No. 9). The Court further advised Plaintiff that if he is unable to pay

5

this amount in one lump sum, he was to file a renewed motion to proceed IFP providing a complete picture of his current financial situation, including an explanation as to his ability to provide basic necessities for himself. (*Id*. at 3). Because he has failed to either pay the remaining fee balance of $350.00 or submit an updated IFP application, the undersigned recommends Plaintiff's case be dismissed without prejudice. *See Townsend v. Rendon,* 2023 WL 4534535 (E.D. Cal. July 13, 2023) (adopting F&R recommending released prisoner plaintiff's IFP status be revoked, and advising plaintiff that failure to pay remaining balance or submit updated IFP application will result in dismissal); *Adler*, 2015 WL 4041772, at *2 (same), *report and recommendation adopted*, 2015 WL 4668668 (E.D. Cal. Aug. 6, 2015); *Escobedo*, 787 F.3d at 1228 (finding that a district court "will be free to dismiss the complaint" if the filing fee is not paid or application to proceed *in forma pauperis* is not granted); *see also In re Perroton*, 958 F.2d 889, 890 (9th Cir. 1992) (affirming dismissal of pro se litigant's claim for failure to pay required filing fees). Thus, the undersigned recommends that the district court dismiss this case for Plaintiff's failure to comply with the Court's July 17, 2023 Order.

**ANALYSIS**

The undersigned considers each of the above-stated factors and concludes dismissal is warranted in this case. The Court's August 1, 2023 Screening Order directed Plaintiff to show cause why his Complaint should not be dismissed for failure to exhaust his administrative remedies; and, alternatively directed Plaintiff to choose one of three options in response to the Screening Order finding the Complaint failed to state a cognizable federal claim. (Doc. No. 23). Despite being granted an extension of time, Plaintiff has failed to do either. (*See* docket). Additionally, the Court's August 29, 2023 Order directed Plaintiff to file a new IFP application within thirty (30) days of receipt of the Order or pay the filing fee if he wishes to continue to prosecute this action. (Doc. No. 27). Again, Plaintiff has failed to either file a new IFP application or pay the filing fee. (*See* docket).

As to the first factor, the expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor. *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999). Turning to the second factor, the Court's need to efficiently manage its docket cannot be

overstated. This Court has "one of the heaviest caseloads in the nation," and due to the delay in filling judicial vacancies, which was exacerbated by the COVID-19 pandemic, operates under a declared judicial emergency. *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California. The Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant. Because the Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

Delays inevitably have the inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968). Thus, the third factor, risk of prejudice to defendant, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action, weighing in favor of dismissal for a risk of prejudice to defendants.

Finally, the fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges.").

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's August 1, 2023

7

Screening Order, the August 29, 2023 Order granting an extension of time, and the August 29, 2023 Order directing Plaintiff to file an updated IFP or pay the filing fee, each expressly warned Plaintiff that his failure to timely comply with the Court's respective order would result in a recommendation of dismissal of this action for his failure to prosecute this action.  (*See* Doc. Nos. 23 at ¶3, 26 at ¶2, and 27 at ¶4).  Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.  And the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.

After considering the factors set forth *supra* and binding case law, in the alternative, the undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41 and Local Rule 110.

Accordingly, it is **RECOMMENDED**:

This action be DISMISSED without prejudice.

### NOTICE

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days of the date of service** of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   October 16, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

8